United States District Court

Eastern District of California

William Guy,

       Plaintiff,   No. Civ. S 00-1598 LKK PAN P

   vs.   Order Directing Service by the United States Marshal Without Prepayment of Costs

California Department of Corrections, et al.,

       Defendants.

-oOo-

Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915.  The court previously ordered plaintiff to provide information for service of process on form USM-285, sufficient copies of the amended complaint for service, and a notice of compliance.  Plaintiff has filed the required papers.

1.  The Clerk of the Court is directed to forward the instructions for service of process, the completed summons, and copies of the amended complaint and of this order to the United

1  States Marshal;

2      2.  Within ten days the United States Marshal shall notify
3  defendants Adams, Culverson, J. R. Depue, S. W. Haferkamp, C.
4  Hooper, Howery, Iwanek, M. Johnson, C. Kirshner, K. L. Markey,
5  Claude Mitchell, Orr, R. Phillips, Cheryl Pliler, Roberts, T. L.
6  Rosario, Valdez and Ybarry of the commencement of this action and
7  request waiver of service of summons in accordance with the
8  provisions of Fed. R. Civ. P. 4(d).

9      3.  The United States Marshal shall retain the original
10 summons and a copy of the amended complaint in his file.

11     4.  The United States Marshal shall file written waivers of
12 service of summons and any requests for waiver of service that
13 are returned undelivered as soon as they are received.

14     5.  If a requested waiver of service of summons is not
15 returned by a defendant within 60 days from the day the request
16 was mailed, the United States Marshal shall:

17     a.  Serve process and a copy of this order upon the
18 defendant pursuant to Rule 4 of the Federal Rules of Civil
19 Procedure and 28 U.S.C. § 566(c) and shall command all necessary
20 assistance from the California Department of Corrections to
21 execute this order.  The United States Marshal shall maintain the
22 privacy of all information provided in confidence by the
23 Department pursuant to this order.

24     b.  Within ten days after service is made, file the return
25 of service for the defendant with evidence of any attempts to
26 secure a waiver of service of summons and of the costs

1  subsequently incurred in effecting service on said defendant.
2  Said costs shall be itemized on form USM-285 and shall include
3  costs incurred by the Marshal for photocopying the summons and
4  the amended complaint and preparing any new forms USM-285.  Costs
5  of service will be taxed against the defendant in accordance with
6  Fed. R. Civ. P. 4(d)(2).
7       6.  Defendants shall reply to the amended complaint within
8  the time provided by Fed. R. Civ. P. 12(a).
9       7.  Unless otherwise ordered, all motions to dismiss,
10 motions for summary judgment, motions concerning discovery,
11 motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of
12 the Federal Rules of Civil Procedure, and motions pursuant to
13 Local Rule 11-110 shall be briefed pursuant to Local Rule
14 78-230(m).  Failure timely to oppose a motion may be deemed
15 consent to the relief requested in the motion.  Opposition to all
16 other motions need be filed only as specifically directed by the
17 court.
18      8.  If plaintiff is released from prison during the pendency
19 of this action, any party may request application of other
20 provisions of Local Rule 78-230 but Local Rule 78-230(m) shall
21 apply until such a request is made and granted.  <u>See</u> Local Rule
22 1-102(d).
23      9.  Pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 &
24 n. 14 (9th Cir. 2003), plaintiff is advised of the following
25 requirements for opposing a motion to dismiss for failure to
26 exhaust administrative remedies made by a defendant.  Such a

3

1  motion is a request for dismissal of unexhausted claims without
2  prejudice.  The defendant may submit evidence including
3  declarations under penalty of perjury and duly authenticated
4  documents to support the request.  If plaintiff contends he did
5  exhaust administrative remedies available to him, plaintiff may
6  oppose defendant's motion and submit evidence, including his own
7  or others' competent declarations under penalty of perjury and
8  duly authenticated documents.  If plaintiff does not serve and
9  file a written opposition to the motion, the court may consider
10 the failure as plaintiff's consent that the motion should be
11 granted.  If the defendant's motion to dismiss is granted
12 plaintiff's unexhausted claims will be dismissed without
13 prejudice.
14      10.  Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th
15 Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and
16 Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff
17 is advised of the following requirements for opposing a motion
18 for summary judgment made by a defendant pursuant to Rule 56 of
19 the Federal Rules of Civil Procedure.  Such a motion is a request
20 for an order for judgment in favor of the defendant without
21 trial.  A defendant's motion for summary judgment will set forth
22 the facts affecting plaintiff's right to relief under the
23 applicable law that defendant contends are not reasonably subject
24 to dispute.  To oppose a motion for summary judgment, plaintiff
25 must present evidence in support of his  claims.  To do this,
26 plaintiff may call the court's attention to statements within

plaintiff's knowledge made under the penalty of perjury in the complaint, or submit his own or others' competent declarations under penalty of perjury, duly authenticated documents, the transcript of a deposition, answers to interrogatories, or admissions obtained in this proceeding.  If there is some good reason why such evidence is not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendant's motion.

11.  Unsigned affidavits or declarations will be stricken.

12.  Each party shall promptly advise the court if they change their address by serving and filing a document entitled "Notice of Change of Address."  Failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

13.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of Court.

14.  The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 11-110.

So ordered.

Dated:  October 20, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge