IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM GUY,

    Plaintiff,       No. CIV S-00-1598 LKK PAN P

  vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.     FINDINGS & RECOMMENDATIONS
_____/

    Plaintiff is a state prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983.  Defendants filed a motion to dismiss upon the ground plaintiff failed to exhaust available administrative remedies before bringing this action.  Plaintiff filed an opposition and defendants filed a reply.

    This action proceeds on the May 22, 2001, amended complaint in which plaintiff alleges:  (1)  defendant Orr failed to obtain immediate medical treatment for plaintiff on December 2, 6, and 8, 1999, after plaintiff fell from his bunk;  (2) defendants Hooper and Haferkamp delayed access to medical care after plaintiff fell from his bunk; (3) Hooper and Haferkamp denied plaintiff adequate medical treatment in January and February 2000; (4) defendant Markey delayed plaintiff's receipt of medical care by improperly processing plaintiff's administrative appeal; (5) defendant Phillips knew on January 6, 2000, that plaintiff had a serious

1

1  medical condition but inadequately responded to plaintiff's request for treatment; (6) Phillips
2  wrote a disciplinary report that was false with respect to plaintiff's involvement in a cell fight;
3  (7) Phillips, Orr, Johnson and Roberts retaliated against plaintiff for filing an appeal complaining
4  about inadequate medical treatment; (8) Hooper, Roberts and Iwanek made a false report
5  February 11, 2000, stating plaintiff disobeyed medical orders so as to cover for their delay in
6  providing plaintiff medical treatment; (9) in February 2000, Ybarra and Phillips refused to cell-
7  feed plaintiff while he was medically unassigned; (10) defendants Culverson and Hooper
8  conspired with each other and with medical staff to retaliate against plaintiff for filing an appeal
9  related to the false disciplinary reports by preparing a chrono containing false information; (11)
10  Hooper, Markey, Rosario, Pliler and Depue delayed in processing an administrative appeal,
11  untruthfully responded to plaintiff's appeals complaining of delayed medical care and did not
12  process plaintiff's citizen's complaint asserting medical staff delayed treatment and failed to
13  prescribe stronger pain medication; (12) defendant Kirshner improperly processed plaintiff's
14  complaints.

15       On a motion to dismiss for failure to exhaust available administrative remedies,
16  the court may look beyond the pleadings and decide disputed facts. Wyatt v. Terhune, 315 F.3d
17  1108 (9th Cir. 2002).  A prisoner may bring no § 1983 action until he has exhausted such
18  administrative remedies as are available.  42 U.S.C. § 1997e(a).  The requirement is mandatory.
19  Booth v. Churner, 532 U.S. 731, 741 (2001).  The administrative remedy must be exhausted
20  before suit is brought and a prisoner is not entitled to a stay of judicial proceedings in order to
21  exhaust. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

22       California prisoners may appeal "any departmental decision, action, condition, or
23  policy which they can demonstrate as having an adverse effect upon their welfare." 15 Cal.
24  Admin. Code § 3084.1(a).  The regulations require the use of specific forms but contain no
25  guidelines for grievance content.  15 Cal. Admin. Code §§ 3084.2, 3085.  Prisoners ordinarily
26  must present their allegations on one informal and three formal three formal levels of review.  15

2

1   Cal. Admin. Code § 3084.5.  While presentation on the third level, the Director's Level of

2   Review, exhausts the remedy for departmental purposes,  15 Cal. Admin. Code § 3084.1(a),

3   when prisoners cannot present their allegations on any subsequent level, they have exhausted

4   available remedies for purposes of 42 U.S.C. § 1997e(a).  Ngo v. Woodford,  403 F.3d 620 (9th

5   Cir. 2005); see also Gomez v. Winslow, 177 F.Supp.2d 977 (N. D. Cal. 2001) (prisoner's claim

6   was exhausted when he "won" his appeal and therefore could not obtain further redress through

7   appeal).  Defendants have the burden of identifying the remedies that remain available.  Id.  A

8   California prisoner who correctly completes an appeal form provided by prison officials provides

9   information adequate to exhaust the administrative remedy.  See  Butler v. Adams, 397 F.3d

10  1181 (9th Cir. 2005) (error to dismiss complaint for failure to identify defendants on form

11  provided by the prison since the form did not require such identification).

12          During the time the events giving rise to this action occurred (December 1999

13  through July 2000) plaintiff filed two appeals.  In appeal number SAC-H-99-03125 submitted

14  December 8, 1999, plaintiff complained that he fell from his bunk December 2, 1999, and his

15  requests for December 2, 6 and 8, 1999, requests for medical treatment were ignored.  Plaintiff

16  requested "to be given the opportunity to be seen or examine [sic] by a medical doctor which I'm

17  entitle [sic] to and be given some type of medication for my suffering."  Defendants' Reply,

18  Exhibit A.   On the first formal level of review, defendant Hooper interviewed and examined

19  plaintiff and granted the appeal, ordering x-rays of plaintiff's right ankle and left ribs, a urinalysis

20  and Tylenol.  Plaintiff appealed to the second level but withdrew the appeal March 14, 2000.

21          Defendants assert that plaintiff had to appeal to the third level of review  "because

22  Plaintiff did not receive the relief requested . . . ."  Defendant's Reply at 2.  Plaintiff requested

23  medical attention and he received it as a result of the appeal.  While defendants assert plaintiff

24  should have appealed to the third level of review, they do not explain what further relief plaintiff

25  could have obtained pursuant to the applicable regulations.

26  /////

1    Plaintiff exhausted his claim that defendant Orr failed to obtain immediate

2 medical treatment for plaintiff on December 2, 6, and 8, 1999, after plaintiff fell from his bunk.

3 The court will recommend defendants' motion to dismiss this claim be denied.

4    Defendants assert that plaintiff withdrew appeal SAC-B-00-00403, in which

5 plaintiff alleged defendant Ybarra refused to cell-feed plaintiff, while it was pending on the first

6 level of review.  Plaintiff does not contest this assertion and nothing in the record suggests

7 otherwise.

8    The court finds plaintiff failed to exhaust his claim that defendants Ybarra and

9 Phillips  violated plaintiff's rights by refusing to cell-feed plaintiff.  The court will recommend

10 this claim be dismissed without prejudice.

11    Defendants assert plaintiff filed no appeals addressing the other claims.  Plaintiff

12 does not contest this assertion and nothing in the record suggests otherwise.

13    The court will recommend the following claims be dismissed without prejudice:

14 defendants Hooper and Haferkamp delayed access to medical care after plaintiff fell from his

15 bunk; Hooper and Haferkamp denied plaintiff adequate medical treatment in January and

16 February 2000; defendant Markey delayed plaintiff's receipt of medical care by improperly

17 processing plaintiff's administrative appeal; defendant Phillips knew on January 6, 2000, that

18 plaintiff had a serious medical condition but inadequately responded to plaintiff's request for

19 treatment; Phillips wrote a disciplinary report that was false with respect to plaintiff's

20 involvement in a cell fight; Phillips, Orr, Johnson and Roberts retaliated against plaintiff for

21 filing an appeal complaining about inadequate medical treatment; Hooper, Roberts and Iwanek

22 made a false report February 11, 2000, stating plaintiff disobeyed medical orders so as to cover

23 for their delay in providing plaintiff medical treatment; defendants Culverson and Hooper

24 conspired with each other and with medical staff to retaliate against plaintiff for filing an appeal

25 related to the false disciplinary reports by preparing a chrono containing false information;

26 Hooper, Markey, Rosario, Pliler and Depue delayed in processing an administrative appeal,

4

1   untruthfully responded to plaintiff's appeals complaining of delayed medical care and did not

2   process plaintiff's citizen's complaint asserting medical staff delayed treatment and failed to

3   prescribe stronger pain medication; defendant Kirshner improperly processed plaintiff's

4   complaints.

5              Accordingly, IT IS HEREBY RECOMMENDED that:

6              1.  Defendant's February 3, 2006, motion to dismiss be granted in part and that the

7   following claims be dismissed without prejudice:  that defendants Ybarra and Phillips violated

8   plaintiff's rights by refusing to cell-feed plaintiff; defendants Hooper and Haferkamp delayed

9   access to medical care after plaintiff fell from his bunk; Hooper and Haferkamp denied plaintiff

10  adequate medical treatment in January and February 2000; defendant Markey delayed plaintiff's

11  receipt of medical care by improperly processing plaintiff's administrative appeal; defendant

12  Phillips knew on January 6, 2000, that plaintiff had a serious medical condition but inadequately

13  responded to plaintiff's request for treatment; Phillips wrote a disciplinary report that was false

14  with respect to plaintiff's involvement in a cell fight; Phillips, Orr, Johnson and Roberts

15  retaliated against plaintiff for filing an appeal complaining about inadequate medical treatment;

16  Hooper, Roberts and Iwanek made a false report February 11, 2000, stating plaintiff disobeyed

17  medical orders so as to cover for their delay in providing plaintiff medical treatment;  defendants

18  Culverson and Hooper conspired with each other and with medical staff to retaliate against

19  plaintiff for filing an appeal related to the false disciplinary reports by preparing a chrono

20  containing false information; Hooper, Markey, Rosario, Pliler and Depue delayed in processing

21  an administrative appeal, untruthfully responded to plaintiff's appeals complaining of delayed

22  medical care and did not process plaintiff's citizen's complaint asserting medical staff delayed

23  treatment and failed to prescribe stronger pain medication; defendant Kirshner improperly

24  processed plaintiff's complaints.

25             2.  That defendants' February 3, 2006, motion to be dismiss be denied in part and

26  that the court not dismiss plaintiff's claim that defendant Orr failed to obtain immediate medical

                                        5

treatment for plaintiff on December 2, 6, and 8, 1999, after plaintiff fell from his bunk; and,

        3.  That defendant Orr be given 30 days to file and serve an answer to the complaint.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 16, 2006.

UNITED STATES MAGISTRATE JUDGE

\004
\guy1598.57