1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM GUY,

11          Plaintiff,              No. CIV S-00-1598 LKK EFB P

12      vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS, et al.,

14                                  ORDER AND
             Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16      Plaintiff is a prisoner without counsel suing for alleged civil rights violations.  *See* 42

17   U.S.C. § 1983.  This action proceeds on the May 22, 2001, verified first amended complaint.

18   The remaining claims in this action are that defendants Orr and Howery were deliberately

19   indifferent to plaintiff's serious medical needs.  Plaintiff alleges that on December 2, 1999, after

20   he fell from an upper-level bunk bed defendants denied him medical treatment, resulting in an

21   eight-day delay before he obtained care for his injuries, i.e., a fractured ankle and fractured ribs.

22      On March 2, 2007, defendants Orr and Howery moved for summary judgment.  Plaintiff

23   filed an untimely opposition which the court has considered.   For the reasons set forth below,

24   the court finds that there is no genuine issue for trial with respect to plaintiff's claims against

25   either defendant.

26   ////

**I.      Defendants' Request to Disregard Plaintiff's Opposition**

Defendants Howery and Orr filed a motion for summary judgment on March 2, 2007. Pursuant to Local Rule 78-230(m), plaintiff's opposition should have been filed no later than 21 days thereafter, which was March 24, 2007.  Plaintiff did not file an opposition or statement of no opposition by that date.  Therefore, on April 27, 2007, the court gave plaintiff 20 days to file either an opposition or a statement of no opposition, and warned him that failure to do so would result in a recommendation that this action be dismissed.  On May 8, 2007, plaintiff submitted a notice that he had been transferred to a different prison.  He filed his opposition to defendants' motion for summary judgment on May 21, 2007.  Transfer of a prisoner ordinarily entails temporarily restricted or complete lack of access to legal materials.  Although plaintiff could have requested an extension of time and did not, the court finds that there is no evidence that plaintiff was acting in bad faith or seeking to gain any unfair advantage.  Furthermore, the short delay does not appear to have prejudiced defendants' defense of this action.  Accordingly, the court considers plaintiff's opposition.

**II.     Defendants' Objection to Sloan Declaration**

In support of his opposition plaintiff attaches the May 11, 2007, declaration of a fellow prisoner, Johnny Sloan.  Defendants object to the admissibility of that declaration.  In it, Mr. Sloan asserts that "[d]efendant Orr acknowledges plaintiff's plea for medical attention as he yells from assigned cell, yet Floor Staff and Orr totally ignored his medical request."  Sloan Dec., filed May 21, 2007, at ¶ 17.  Defendants object to Sloan's assertion that Orr ignored plaintiff's medical request.  Defs.' Rply., at 3:19-22.  As defendants argue, "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."  *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).  The rule is typically invoked when a party-witness has testified to a particular fact in a deposition, and then, in an effort to create a disputed issue of fact to defeat summary judgment, submits a declaration containing a factual statement that directly contradicts his own prior sworn testimony.  Here, it is argued that paragraph 17 of

2

1    Sloan's declaration contradicts plaintiff's October 4, 2006, deposition testimony that Orr

2    answered plaintiff's request for medical attention.  Thus, defendants are attempting to extend the

3    "sham" declaration rule to apply to a declarant whose proffered declaration contradicts not his

4    own prior testimony, but that of the another person, i.e. the plaintiff.

5         In *Kennedy*, the Ninth Circuit noted that other appellate courts "have urged caution in

6    applying" the general rule that an affidavit given after deposition cannot be used to contradict

7    deposition testimony, thereby defeating summary judgment.  *Kennedy*, 952 F.2d at 266.  This is

8    so because it is possible that a party could submit a later affidavit in which the affiant

9    legitimately seeks to clarify his deposition testimony, and in so doing contradicts it.  *Id.*  Thus,

10   the Ninth Circuit adopted the rule that where "a contradictory affidavit is introduced to explain

11   portions of earlier deposition testimony . . . the district court must make a factual determination

12   that the contradiction was actually a 'sham.'" *Id.*, at 267.   A "sham" affidavit is one conjured

13   "merely to avoid summary judgment."  *Id.*, at 266.

14        Analysis of a *Kennedy* objection first requires a determination whether the declaration

15   actually contradicts the deposition testimony.  Here, plaintiff testified at deposition that he told

16   Orr he fell from his bunk and needed medical attention.  Defs.' Stmt. of Undisp. Facts, Attach. 3,

17   Pl.'s Dep., at 71.  He also testified that Orr responded that he would call the medical department,

18   and instructed plaintiff to return to his cell.  *Id.*, at 72.  Taking plaintiff's deposition testimony at

19   face value, Orr did not ignore plaintiff's request at the moment plaintiff made it.  But plaintiff's

20   claim is that Orr ignored plaintiff's request by not calling the medical department, not that Orr

21   gave no verbal response.  Sloan's declaration does not flatly contradict that assertion.  He simply

22   states that "Orr acknowledges plaintiff's plea for medical attention as he yells from assigned cell,

23   yet Floor Staff and Orr totally ignored his medical request."  Sloan Dec., ¶ 17.  Given the nature

24   of plaintiff's claim, Sloan's assertion does not clearly contradict plaintiff's deposition testimony.

25   ////

26   ////

1   Thus, this is not an instance of "sham" testimony that flatly contradicts the declarant's earlier

2   sworn testimony in an attempt to "create" an issue of fact in order to avoid summary judgment.

3   *Kennedy*, 952 F.2d at 267.

4          However, the declaration nonetheless fails to comply with Rule 56(e).  The rules

5   governing summary judgment require that affidavits be made upon the affiant's personal

6   knowledge.  Fed. R. Civ. P. 56(e).  Sloan nowhere declares that he has personal knowledge of

7   any matter set forth therein.  Nor does his factual assertions demonstrate that he has percipient

8   knowledge over any material facts.  Instead, he declares that he has "reviewed the documents

9   make this declaration in support" of plaintiff's opposition to the motion for summary judgment.

10  Sloan Dec., ¶ 1.  Later, he declares, "[b]ased on viewing documents the defendants are not

11  entitled to summary judgment or dismissal, because there are genuine issues of material fact to

12  be resolved."  Sloan Dec., ¶6.  Thus, although the court has considered the Sloan declaration,

13  nothing in it gives the court reason to infer that any of Sloan's assertions are based on his

14  observations.  Finally, as discussed below, nothing in this declaration establishes, from personal

15  knowledge, a genuine dispute over any material fact.

16  **III.    Facts**

17         At all times relevant to this action, plaintiff was a prisoner confined at California State

18  Prison, Sacramento ("CSP-Sac.").  Defendant Orr was a correctional officer assigned to work as

19  a Control Booth Officer in the cell-block were plaintiff was housed.  Defs.' Stmt. of Undisp.

20  Facts, Attach. 1, Orr Dec. ("Orr Dec."), at ¶ 2.  Orr's primary duties were to open cell doors,

21  release prisoners for programs, medical appointments and yard time, and to provide "gun

22  coverage" for other staff when prisoners were moving about outside of their cells.  Orr Dec., at ¶

23  2.  Defendant Howery was a Medical Technical Assistant ("MTA") who worked in the cell

24  block where plaintiff was housed.  *Id.*, Attach. 2, Howery Dec. ("Howery Dec."), at ¶ 2.  His

25  primary duties were to respond to prisoners' requests for medical treatment, and to notify the

26  appropriate medical staff of those requests.  Howery Dec., at ¶ 3.  Howery would communicate

1  these requests to a physician by speaking directly to a physician, leaving a handwritten note for a

2  physician, or communicate it (in an unspecified manner) to incoming staff at the end of his shift.

3  Howery Dec., at ¶ 4.

4        On December 2, 1999, plaintiff was assigned to an upper-level bunk on the second tier

5  of his housing unit.  Orr Dec., at ¶ 4.  The control booth was about ten feet above the ground

6  floor, and about 30 feet away from Guy's cell.  *Id.*, at ¶ 4.  In his declaration, Orr states that

7  between December 2 and December 8, 1999, plaintiff shouted from his cell that he needed

8  medical attention for an injury.  *Id.*, at ¶¶ 5, 7.  At one point, Orr opened plaintiff's cell door,

9  whereupon plaintiff left the cell, shouted to Orr for medical care, and returned to his cell.  Orr

10  Dec., at ¶ 6.  Orr does not recall the details of the request and never knew the specific nature of

11  plaintiff's alleged injury.  Orr Dec., ¶ 7.  From his vantage point in the control booth, Orr could

12  not see very well into plaintiff's cell.  *Id.*  He therefore could not evaluate the seriousness of

13  plaintiff's injuries.  *Id.*, at ¶¶ 4, 7.  Orr did not have direct access to plaintiff's cell from the

14  control booth, and he was limited in how he could respond to plaintiff's needs.  Orr. Dec., at ¶¶

15  4, 9.  Thus, he immediately called the Medical Department, and requested that someone be sent

16  to check on plaintiff.  Orr Dec., at ¶ 8; Defs.' Stmt. of Undisp. Facts, Attach. 3, Pl.'s Dep. ("Pl.'s

17  Dep."), at 71-72.  In his declaration, Orr states that he called the Medical Department several

18  times, and each time medical staff refused, without explanation, to respond immediately.  Orr

19  Dec., at ¶ 8.  In his verified complaint, plaintiff alleges that at some unspecified time he

20  approached Orr in the day room and showed Orr his injuries.  Am. Compl., at 9.

21        There is no evidence that defendant Howery made any written notes of plaintiff's request

22  for medical attention on December 2, 6, or 8, 1999.  Howery Dec., at ¶ 5; Defs.' Stmt. of Undisp.

23  Facts, Attach. 4, Marquard Dec. ("Marquard Dec."), at ¶ 3.  There is no evidence that plaintiff

24  made a written request for medical attention on any of these dates.  Marquard Dec., at ¶ 3.

25  ////

26  ////

1    Plaintiff does not recall the names of the MTAs from whom he requested medical care on these

2    dates.  Pl.'s Dep., at 33-34.  In fact, at deposition plaintiff could not identify any person who

3    denied him medical attention.  *Id*., at 33.

4         On December 8, 1999, plaintiff filed a grievance complaining of his December 2, fall,

5    asserting that he had injured his side, his right foot was swollen and there was blood in his urine.

6    Am. Compl., at 6.  In response, a physician examined plaintiff on December 10.  Defs.' Stmt. of

7    Undisp. Facts, Attach. 5, at 2.  Plaintiff complained to the doctor about having twisted his right

8    ankle.  *Id*.  The physician found swelling in plaintiff's right ankle.  *Id*., at 1.  His ankle and back

9    were tender and painful to the touch, and plaintiff found it painful to walk.  *Id*; Pl.'s Opp'n, Ex.

10   4.  The physician prescribed 24-hour ice treatment, an "ACE" bandage and Tylenol, and ordered

11   x-rays.  Defs.' Stmt. of Undisp. Facts, Attach. 5, at 2; Attach. 6; Pl.'s Opp'n, Ex. 4.  The x-rays,

12   taken January 5, 2000, revealed that he had a "slightly oblique fracture of the distal shaft of right

13   fibula" and that he suffered fractures of the "left 9th and 10th anterolateral ribs."  Defs.' Stmt. of

14   Undisp. Facts, Attach. 6; Pl.'s Opp'n, Ex. 5.

15   **IV.    Standards on Summary Judgment**

16        Summary judgment is appropriate when there is no genuine issue of material fact and the

17   movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*,

18   477 U.S. 317, 322 (1986).[1]  The utility of Rule 56 to determine whether there is a "genuine issue of

19   material fact," such that the case must be resolved through presentation of testimony and evidence

20   at trial is well established:

21              [T]he Supreme Court, by clarifying what the non-moving party must
            do to withstand a motion for summary judgment, has increased the
22          utility of summary judgment. First, the Court has made clear that if
            the nonmoving party will bear the burden of proof at trial as to an
23          element essential to its case, and that party fails to make a showing

24   _____

25        [1] On October 21, 2005, and again on May 18, 2006, the court informed plaintiff of the
     requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.
26   *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),  *cert. denied*, 527 U.S. 1035
     (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).   Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).   No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added).  In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).  There can be no genuine issue as to any material fact where there is a complete failure of proof as to an essential element of the nonmoving party's case because all other facts are thereby rendered immaterial.  *Celotex,* 477 U.S. at 323.

With these standards in mind, it is important to note that plaintiff bears the burden of proof at trial over the issue raised on this motion, i.e., whether defendants acted with deliberate indifference to plaintiff's serious medical needs.  Equally critical is that "deliberate indifference" is an essential element of plaintiff's cause of action.  Therefore, to withstand defendant's motion, plaintiff may not rest on the mere allegations or denials of his pleadings.  He must demonstrate a genuine issue for trial, *Valandingham v. Bojorquez*, 866 F.2d 1135, 1142 (9th Cir. 1989), and he must do so with evidence upon which a fair-minded jury "could return a verdict for [him] on the evidence presented."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252.

////

////

1    **V.    Analysis**

2    "As to materiality, the substantive law will identify which facts are material.  Only disputes

3    over facts that might affect the outcome of the suit under the governing law will properly preclude

4    the entry of summary judgment." *Id.* at 248.  Here, plaintiff's action arises under 42 U.S.C. Section

5    1983 and the Eighth Amendment.  To prevail at trial, he must prove that the defendant deprived him

6    of his Eighth Amendment rights while acting under color of state law. To prove an Eighth

7    Amendment violation, plaintiff must show by a preponderance of competent evidence that the

8    defendants were deliberately indifferent to plaintiff's serious medical needs. *Estelle v. Gamble*, 429

9    U.S. 97, 106 (1976).  As discussed below, plaintiff has failed to establish a genuine dispute for trial

10   with respect to his claim against either defendant.

11   **A.  Defendant Orr**

12   Plaintiff claims that defendant Orr denied his requests for medical assistance.  Defendant Orr

13   asserts that he did all he could given his limited knowledge of plaintiff's injuries and his position

14   and responsibilities as a Control Booth Operator.  While there clearly is a dispute in this regard, the

15   dispute must genuine in order for plaintiff to defeat defendant's motion.  That is, plaintiff has the

16   burden of demonstrating that defendant Orr engaged in "acts or omissions sufficiently harmful to

17   evidence deliberate indifference to serious medical needs," *Estelle v. Gamble*, 429 U.S. 97, 106

18   (1976), and must produce evidence upon which "a reasonable jury could return a verdict" in his

19   favor on the issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

20   A prison official is deliberately indifferent when he knows of and disregards such a need.

21   *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The official must "be aware of the facts from which

22   the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

23   the inference."  *Farmer*, 511 U.S. at 837.  A medical condition that significantly affects an

24   individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy

25   of comment or treatment, and chronic and substantial pain constitute "serious medical needs."

26   *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) , *overruled on other grounds*, *WMX*

1   *Techs., Inc. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).  Orr does not dispute that a

2   fractured ankle and fractured ribs are serious medical needs.  Rather, the crux of the matter is

3   whether there is sufficient evidence to raise a genuine dispute as to whether defendant Orr took

4   reasonable measures on plaintiff's behalf in light of his knowledge of plaintiff's condition.

5   Orr submits a declaration stating that on or around December 2, 1999, he heard plaintiff call

6   for medical assistance from within his cell.  From his position in the control booth, he could not see

7   into plaintiff's cell.  His declaration does not say that his view was obstructed; only that he was

8   distant from plaintiff.  Orr released plaintiff from the cell momentarily and saw plaintiff move about.

9   Orr explains that he was about 30 feet away from plaintiff's cell, and could not see well enough to

10  plaintiff's location to make out the nature of plaintiff's injuries.  Plaintiff has not adduced evidence

11  that in light of this distance, his calling out or his behavior should have put Orr on notice of the

12  severity of the injuries.  There is no evidence that plaintiff, for example, was clutching his sides or

13  back when he momentarily exited his cell, or that he was crouched over or noticeably was limping.

14  Orr states in his declaration that he called the Medical Department immediately upon hearing

15  plaintiff call for medical attention.  He also asserts that he called several times thereafter, and each

16  time he called, staff in the medical department failed to respond.  At his deposition, plaintiff testified

17  that when he asked Orr for medical assistance, Orr said he would call the medical department.  Pl.'s

18  Dep., at 72.  Plaintiff also testified that when he did not receive immediate medical attention, he

19  made another request of Orr.  *Id*.  Orr explained that he had called the Medical Department and he

20  could not do anything more.  *Id*.

21  Under plaintiff and Orr's account, Orr called the Medical Department several times, but staff

22  there failed to respond.  Plaintiff does not submit any evidence showing that Orr did not in fact call

23  the medical department on plaintiff's behalf.  Furthermore, he offers no evidence that Orr could have

24  done anything other than notify medical staff of plaintiff's needs.  In essence, he has failed to create

25  a dispute about whether Orr failed to take reasonable measures in light of his knowledge of

26  plaintiff's injuries.  On this evidence, a reasonable jury could not return a verdict in plaintiff's favor.

1    Accordingly, defendant Orr is entitled to judgment as a matter of law.

2        **B. Howery**

3        Plaintiff claims that Howery knew he needed medical attention, but failed to obtain it for

4    him.  Defendant Howery asserts that although he was on duty around the time plaintiff injured

5    himself, plaintiff cannot adduce evidence that he knew of plaintiff's injuries.  Again, the question

6    presented is whether plaintiff has produced evidence upon which "a reasonable jury could return a

7    verdict" in his favor on this issue.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

8        In the verified amended complaint, plaintiff alleges that when Howery came to plaintiff's

9    cell to administer plaintiff's psychotropic medications, plaintiff showed him the injuries from the

10   fall. Am. Compl., at 10.  Plaintiff alleges that Howery simply refused to obtain medical care for the

11   injuries.  *Id*.  Howery asserts that he does not recall plaintiff requesting him to provide or obtain

12   medical attention.  However, he explains in his declaration that when a prisoner notifies him of a

13   medical need requiring care that he cannot provide, his normal practice is to communicate this fact

14   to a physician by speaking to or leaving a note for a physician or by communicating it to other staff

15   at the end of his shift.  A nurse familiar with plaintiff's medical records has submitted a declaration

16   stating that there is no evidence of any communication from Howery to any other medical staff about

17   the injuries plaintiff sustained as a result of his fall.  Howery also states in his declaration that he has

18   found no writing showing that plaintiff requested medical care.  However, Howery admits that his

19   communications about prisoners' needs were not always in writing.  Therefore, the absence of a

20   written communication is not conclusive either way.  But the lack of evidence to establish the

21   matter, either way, is effectively dispositive of the motion.

22       It is critical to note here that plaintiff has the burden of proof at trial, and his only support

23   for his claim against Howery is the verified amended complaint.  "[A] verified complaint may serve

24   as an affidavit for purposes of summary judgment if (1) it is based on personal knowledge and if (2)

25   it sets forth the requisite facts with specificity." *Moran v. Selig*, 447 F.3d 748, 760 n. 16 (9th Cir.

26   2006) (citation omitted).  The complaint here makes a general assertion that plaintiff showed

10

Howery the injuries.  But it does not allege anything about the circumstances from which one could infer the extent of Howery's knowledge about the severity of the injuries, i.e., whether his cell door was opened so Howery could see any bruises or swelling, whether he requested medical assistance at this time, or how Howery responded.  Thus, the allegations in the amended complaint are not sufficient to create a genuine issue of material fact.

Moreover, at deposition plaintiff could not identify any person who denied him medical attention.  Pl.'s Dep., at 33. Other than the verified amended complaint, nothing in the record suggests that despite Howery's proclaimed lack of recollection, he at least was aware of facts from which he inferred plaintiff's serious medical needs.  On this evidence, no reasonable jury could find that Howery knew of plaintiff's injuries, or knew of facts from which he inferred plaintiff's injuries, yet refused to take reasonable measures to obtain care for him.  Therefore, defendant Howery is entitled to judgment as a matter of law.

### C.  Qualified Immunity

Defendants contend that they are entitled to qualified immunity because there is no evidence that they violated plaintiff's constitutional rights.  Defs.' Mot. for Summ. J., at 10; Defs.' Rply., at 4:20-28.  Otherwise stated, since plaintiff has not satisfied his burden on summary judgment, defendants are entitled to qualified immunity.  However, because the court resolves the summary judgment motion relating to the merits in favor of defendants, there is no reason to enquire further into an asserted defense of qualified immunity. *See Wilkie v. Robbins*, 127 S.Ct. 2588, 2608 (2007).

### VI.  Conclusion

Accordingly, it is ORDERED that:

1.  Defendants' May 29, 2007, motion for the court to disregard plaintiff's opposition to summary judgment is denied; and

2.  Defendants' May 29, 2007, objection to the declaration of Johnny Sloan is overruled.

////

////

1    Further, it is RECOMMENDED that the remaining defendants' March 2, 2007, motion for

2   summary judgment be granted and that judgment be entered in their favor.

3    These findings and recommendations are submitted to the United States District Judge

4   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after

5   being served with these findings and recommendations, any party may file written objections with

6   the court and serve a copy on all parties.  Such a document should be captioned "Objections to

7   Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified

8   time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455

9   (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10   Dated:  December 5, 2007.

11

12                                    EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26